**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 03-7696**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DEREK LAMONT GOODING,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Henry Coke Morgan, Jr., District Judge.  (CR-93-131; CA-01-78-02)

———————————

Submitted:  July 23, 2004          Decided:  August 19, 2004

———————————

Before MICHAEL and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Dismissed by unpublished per curiam opinion.

———————————

Derek Lamont Gooding, Appellant Pro Se. Robert Joseph Seidel, Jr., Assistant United States Attorney, Norfolk, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Derek Lamont Gooding seeks to appeal the district court's order denying his Fed. R. Civ. P. 60(b) motion seeking reconsideration of the court's order dismissing Gooding's "Motion to Vacate Void Judgement under Rule 60(b)(4)&(6)," which the district court dismissed as a successive motion to vacate or modify sentence under 28 U.S.C. § 2255 (2000).[1] An appeal may not be taken from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 338 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and conclude that Gooding has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

---

[1] By order filed March 24, 2004, this appeal was placed in abeyance for Jones v. Braxton, No. 03-6891. In view of our recent decision in Reid v. Angelone, 369 F.3d 363 (4th Cir. 2004), we no longer find it necessary to hold this case in abeyance for Jones.

Additionally, we construe Gooding's notice of appeal and informal brief on appeal as an application to file a second or successive motion under 28 U.S.C. § 2255. See United States v. Winestock, 340 F.3d 200, 208 (4th Cir.), cert. denied, __ U.S. __, 124 S. Ct. 496 (2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense. 28 U.S.C. §§ 2244(b)(2), 2255 (2000). Gooding's claims do not satisfy either of these conditions. Therefore, we decline to authorize Gooding to file a successive § 2255 motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED